OPINION
PER CURIAM.
Brian Johnson appeals the District Court’s order dismissing his petition filed pursuant to 28 U.S.C. § 2241. We will affirm the District Court’s order on alternate grounds.
In May 2000, Johnson was sentenced in the District Court for the Eastern District of Virginia to life in prison on several counts of money laundering and drug trafficking. The Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. In January 2003, Johnson filed a motion under 28 U.S.C. § 2255 in the sentencing court challenging his conviction. The District Court denied the motion, and the Court of Appeals denied Johnson a certificate of appealability. In August 2008, Johnson filed an unsuccessful motion to reduce his sentence pursuant to 18 U.S.C. § 3582.
In May 2009, Johnson filed a petition under 28 U.S.C. § 2241. The District Court, believing that Johnson was trying to attack a state court conviction, dismissed the § 2241 petition and ordered the clerk to send Johnson the forms for a petition under 28 U.S.C. § 2254. Johnson filed a timely notice of appeal.
We have jurisdiction under 28 U.S.C. § 1291. In his petition, Johnson argued that the Double Jeopardy Clause barred use of his Maryland state court conviction on drug charges in his federal prosecution for drug trafficking. Because Johnson is a federal prisoner seeking to challenge his federal conviction, a petition pursuant to § 2254 would not be appropriate. However, a petition pursuant to § 2241 is also not an appropriate vehicle for Johnson to challenge his federal conviction. Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be “inadequate or ineffective.” Id. We have explained that
a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hear *907 ing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeep-ing requirements of the amended § 2255.
Cradle v. Miner, 290 F.3d 536, 538-39 (3d Cir.2002) (citations omitted). Johnson has not shown that a § 2255 motion would be inadequate or ineffective.[1]
Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court’s order. See Third Circuit I.O.P. 10.6.

. While we do not reach the merits of Johnson's petition, we note that the Double Jeopardy Clause does not bar federal prosecutions based on the same facts as state court convictions. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).